**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4242**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN M. STAGGS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (CR-02-1051)

_____

Submitted:  March 2, 2005          Decided:  March 22, 2005

_____

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

C. Carlyle Steele, Greenville, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Isaac L. Johnson, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Steven M. Staggs ("Staggs") and seventeen co-defendants were charged in a nine-count indictment with multiple drug offenses. Staggs was named in two of the nine counts. He was charged in count one of the indictment with conspiracy to distribute and possession with intent to distribute five grams or more of methamphetamine, more than fifty grams of a substance containing a detectable amount of methamphetamine, and a quantity of methylenedioxy-methamphetamine ("MDMA" or "Ectasy") in violation of 21 U.S.C. § 841(a)(1) (2000). Staggs was also charged in count seven with possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine and a quantity of marijuana and aiding and abetting each other in the offense in violation of 21 U.S.C. § 841(a)(1) (2000) and 18 U.S.C. § 2 (2000).

Prior to resolution of the charges against Staggs, the Government filed an Information pursuant to 21 U.S.C. § 851 (2000) notifying Staggs that he was subject to enhanced penalties based on his prior felony drug conviction. Based on this conviction, Staggs was subject to a sentence of ten years to life in prison.[1] See § 841(a)(1)&(b)(1)(B). Although Staggs subsequently pled guilty to both counts, at the sentencing hearing he objected to the § 851

_____

[1]Staggs' prior convictions enhanced his statutory sentencing range from five years to forty years to ten years to life imprisonment. See § 841(a)(1)&(b)(1)(B).

- 2 -

enhancement on the grounds that the Government failed to file copies of the supporting indictments with the Information; asked the district court to provide a two-level reduction in his offense level pursuant to United States Sentencing Guidelines Manual ("USSG") § 3B1.2(b) (2000) based on his role in the conspiracy; and objected to the Government's failure to move for downward departure pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e) (2000). The district court denied Staggs' objections and sentenced him to the mandatory minimum of ten years' imprisonment and an eight-year term of supervised release. Staggs timely filed his notice of appeal.

We have thoroughly reviewed the record in this matter and conclude that Staggs is not entitled to relief. We find that the Government filed its § 851 Information in accordance with the statutory requirements; that we need not address whether Staggs was entitled to a two-level reduction to his offense level, as Staggs was sentenced in accordance with the statutory minimum; and, having deemed that Staggs did not provide substantial assistance, the Government did not breach the plea agreement by refusing to move for downward departure.[2] Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[2]Under circumstances set forth in § 3553(e), substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence.

materials before the court and argument would not aid the decisional process.

AFFIRMED